# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

KENNETH VAN DUNCAN,

    *Defendant-Appellant.*

No. 02-4354

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-96-15)

Submitted: November 14, 2002

Decided: December 17, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Eric A. Bach, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Van Duncan pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000). Duncan now appeals contending that the district court erred in accepting his guilty plea and in refusing to grant a three-level reduction for acceptance of responsibility. For the foregoing reasons, we affirm.

We generally review the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995). Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). The district court must ensure that the defendant is competent to enter the plea and that the plea is given knowingly and voluntarily. *Godinez v. Moran*, 509 U.S. 389, 400 (1993). We have reviewed the record and conclude that the district court did not err in accepting Duncan's guilty plea.

Because Duncan failed to object at the sentencing hearing to the district court's decision to deny a reduction to the offense level for acceptance of responsibility, we review for plain error, *see* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993), and find none.*

Accordingly, we affirm Duncan's conviction and 151-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*To the extent Duncan raises an ineffective assistance of counsel claim, we decline to review it because the record does not conclusively establish that counsel was ineffective. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).